# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PATRICK I. OBIORAH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:06CV1009 |
| | ) | |
| J. HAYNES, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Patrick Obiorah, a prisoner of the State of North Carolina, on May 17, 2004, in the Superior Court of Durham County, was convicted of trafficking in heroin by possession, trafficking in heroin by transportation, and possession with the intent to sell or deliver heroin. Petitioner was sentenced by Superior Court Judge Henry W. Hight, Jr. to two consecutive presumptive-range terms of 90 to 117 months imprisonment. Petitioner was represented at trial by attorney Lisa Williams.

Petitioner appealed to the North Carolina Court of Appeals, and in an unpublished opinion that court found no error. *State v. Obiorah*, No. COA04-1567, 2005 WL 3466016 (N.C. App. Dec. 20, 2005). On January 13, 2006, Petitioner noticed an appeal to the Supreme Court of North Carolina, but that court dismissed the appeal on March 2, 2006. *State v. Obiorah*, 360 N.C. 366, 630 S.E.2d 450 (2006). Petitioner was represented on direct appeal by attorney Linda B. Weisel.

On April 21, 2006, Petitioner Obiorah filed his first *pro se* motion for appropriate relief (MAR) in the Durham County Superior Court. The MAR was summarily denied on May 19, 2006. He filed a second MAR on August 4, 2006, which was denied on August 18, 2006. On September 19, 2006, Petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of his second MAR. That court denied certiorari review on October 3, 2006.

On November 17, 2006, pursuant to 28 U.S.C. § 2254, Petitioner Obiorah filed the *pro se* petition for a writ of habeas corpus that is now before this Court for review.

**Factual Summary**

The North Carolina Court of Appeals summarized the evidence adduced at Petitioner's trial as follows:

> The State presented the following evidence: based upon information gleaned from a confidential informant, on 21 February 2003, Durham, North Carolina police stopped Lodie Nelson ("Nelson") during a heroin purchase. Nelson informed the police that Reginald Chavis ("Chavis") sold him drugs. Nelson took police to Chavis' residence where, after witnessing Nelson purchase drugs from Chavis, police obtained a search warrant for Chavis' home and pursuant to that warrant discovered narcotics. Chavis informed police that not only had he purchased these drugs from defendant, but that he "regularly bought" narcotics from defendant. Chavis agreed to help the police by calling defendant and ordering twenty grams of heroin. Chavis and defendant agreed to meet at 9 p.m. that evening at the Wynnsong theaters ("Wynnsong") in Durham.
>
> Police gave Chavis "flash money" to engage in the drug transaction. The police drove Chavis' car from his house to a K-Mart located near the Wynnsong. Police searched Chavis and his vehicle for narcotics and other currency prior to the transaction with the defendant and found none. Investigator Husketh ("Husketh") drove Chavis to the K-Mart parking lot

where Chavis, now "wired" by the police, drove his car to the Wynnsong. During Chavis' drive from the K-Mart to the Wynnsong, Husketh and Investigator Green ("Green") maintained consistent visual surveillance of him. Subsequent to parking his car, Chavis walked to defendant's car and got in the front passenger seat. Police had established with Chavis that uttering the code phrase, "it's all good," was the sign drugs were present in defendant's vehicle.

Upon hearing that phrase from Chavis, police rushed to the location of defendant's car, where Husketh blocked his egress. While Green went to the driver's side door, Husketh went to the passenger's side and took Chavis from the car so as to "arrest" him. Green, who along with several other officers struggled to detain defendant, noticed defendant take two items with his right hand and "go directly into his mouth." As the struggle ensued, defendant wound up face down on the front seat of the car with his head towards the passenger side. Due to the continuing struggle and concern over safety, Husketh used pepper spray on defendant. In doing so, defendant, as well as the officers attempting to detain him, were hit. Defendant continued to struggle with the police and, as a result, Husketh punched defendant in order to arrest him. Sergeant John Morris recovered an item from the passenger side of defendant's car which later tested positive for heroin.

Defendant presented evidence he knew Chavis for six months and the purpose of their 21 February 2003 meeting was the sale of gold necklaces. Defendant testified he went to McDonald's prior to their meeting and was eating when Chavis sat down in his car. Defendant stated as Chavis got into his car, Chavis placed what appeared to be his keys on the car floor. Citing the food from McDonald's as the culprit, defendant denied the items in his mouth were drugs as the police accused.

*State v. Obiorah*, 2005 WL 3466016 at *1-*2.

## Claims of the Petition

In his *pro se* petition filed with this Court, Petitioner Obiorah asserts that (1) there was insufficient evidence of actual possession to support the charges against him and that the theory of constructive possession was not presented to the jury; (2) both his trial and appellate counsel were ineffective and his MARs were improperly denied; (3) the trial court

-3-

admitted hearsay evidence in violation of the Confrontation Clause, as elucidated in *Crawford v. Washington*, 541 U.S. 36 (2004); and (4) the trial court erred in admitting the State's evidence and closing argument concerning his post-arrest silence.

**Discussion**

Claim (1) – insufficiency of the evidence and failure to properly instruct the jury

Petitioner Obiorah's Claim (1) includes two separate allegations. Insofar as Petitioner contends that the evidence presented against him at trial was insufficient as a matter of due process to support his conviction, the claim is frivolous. The summary of evidence set out above shows beyond peradventure that there was ample evidence to sustain Petitioner's conviction. The habeas standard for review of Petitioner's claims is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The written decision of the North Carolina Court of Appeals denying this claim described both the elements of the crimes charged and the evidence supporting each element. *See State v. Obiorah*, 2005 WL 34666016 at *6-*7. The state court's decision was clearly not an unreasonable application of established federal law. *See* 28 U.S.C. § 2254(d).

As a second part of Claim (1), Petitioner contends that the trial court's jury instructions were erroneous because they did not include an instruction regarding "constructive possession." This claim is meritless as a habeas claim. Habeas review of jury

instructions is limited to a determination whether the resulting conviction violated due process. *See Henderson v. Kibbe*, 431 U.S. 145, 154 (1997) (state jury instruction must render entire trial fundamentally unfair to warrant habeas relief). The failure of the trial court to give a constructive possession instruction could not have violated Petitioner's right to due process for the simple reason that such an instruction could only have benefitted the prosecutor in Petitioner's case, not the Petitioner. Such an instruction would have broadened, not narrowed, the evidentiary basis and legal theory upon which Petitioner could have been convicted. Accordingly, the state courts did not act unreasonably in denying this claim.

<u>Claim (2) – trial and appellate attorneys were ineffective, and Petitioner's MARs were improperly denied</u>

Petitioner Obiorah does not flesh out in his petition his claims of ineffective assistance of counsel. He writes, "[t]rial counsel failed to object, request and file pretrial motions, and the appellate counsel failed to raise several arguments and including the [ineffective assistance of counsel] claim, and petitioner was not afforded an evidentiary hearing nor an appointment of counsel." (Pleading No. 2, Petition at 7.) These conclusory contentions, without meaningful specification, cannot form the basis for habeas relief. *See generally Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992). Moreover, Petitioner's allegations concerning perceived errors in his state court collateral (MAR) proceedings are not cognizable in habeas corpus. *See Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998). To the extent that Petitioner contends that his attorneys were ineffective for not pursuing, at trial or on appeal, the substantive claims that he now makes in his habeas petition (Claims (1), (3),

-5-

and (4)), such a contention is without merit for reasons set forth in this opinion with respect to each substantive claim. Since the substantive claims have no merit, Petitioner can make no showing of prejudice resulting from any alleged ineffective assistance of counsel as is required by *Strickland v. Washington*, 466 U.S. 668 (1984).

<u>Claim (3) – the trial court admitted evidence in violation of *Crawford v. Washington*, 541 U.S. 36 (2004)</u>

In *Crawford*, the Supreme Court held that the Confrontation Clause demands that "testimonial" statements made by a witness not present to testify can be admitted against a defendant only where the declarant is unavailable and the testimonial evidence was previously subject to cross examination by the defendant. *Crawford*, 541 U.S. at 68. In this case, Petitioner Obiorah asserts constitutional error by reason of the fact that police officers who were witnesses at his trial were permitted (without objection by defense counsel) to report several out-of-court statements made by Chavis and an unidentified person concerning details of former drug deals between Chavis and Petitioner. (*See, e.g.,* Tr. Vol. I at 160, 165, 285, and 298.) Neither Chavis nor the unidentified person testified at trial.

The Court of Appeals of North Carolina reviewed this claim under a "plain error" standard since there was no trial objection regarding the matter. That court wrote:

> Defendant next argues the admission of Husketh's testimony regarding what Chavis said about defendant is inadmissible hearsay. However, defendant also failed to object to this and as a result again argues plain error. Though defendant argues plain error, substantial evidence exists, as delineated immediately above, of his guilt separate and apart from any possible trial court mistake in including this potential hearsay testimony. Consequently, as this

> trial court determination fails to amount to plain error, this assignment of error is overruled.

*State v. Obiorah*, 2005 WL 3466016 at *3.

In this habeas action, Respondent first argues that the plain error review by the North Carolina Court of Appeals constitutes an enforcement of a procedural bar caused by the lack of a contemporaneous objection at trial. *See Daniels v. Lee*, 316 F.3d 477, 487-88 (4th Cir. 2003). Respondent further argues that Petitioner has not shown cause and prejudice and therefore cannot avoid the procedural default that precludes federal habeas review of this claim. *Id.*

While the Court agrees that Petitioner's Claim (3) is procedurally defaulted for the reasons argued by Petitioner, the Court also determines alternatively that the claim is meritless as a habeas claim. The analysis of the Court of Appeals under its plain error standard is similar to the harmless error review applicable in habeas corpus adjudication. Even assuming that Petitioner could show a *Crawford* violation of the Confrontation Clause by reason of the admission of the isolated statements in question, such error would be harmless under the test of *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)(error is harmless unless it had "an actual and substantial" effect on verdict). The evidence against Petitioner was substantial, including the nature of the controlled transaction carefully monitored by law enforcement officers; the absence of heroin on the person of Chavis or in his car immediately before he entered Petitioner's car; the constant police surveillance of Chavis as he traveled to meet with Petitioner for the purpose of the drug transaction; the wire-intercepted

-7-

conversations between Chavis and Petitioner; and the finding of heroin in Petitioner's car after the arrest. These and other lines of evidence combine to make it highly unlikely that any verdict other than guilty would have obtained had the challenged out-of-court statements not been heard by the jury. The isolated statements Petitioner complains of cannot have had an actual and substantial effect on the jury's verdict. Any constitutional error in their admission is therefore harmless, and Petitioner's Claim (3) can entitle him to no relief.

Claim (4) – the trial court erred in admitting the State's evidence and closing argument about his post-arrest silence

Claim (4) is procedurally barred for precisely the same reason as is described above with respect to Claim (3). Petitioner made no contemporaneous objection at trial regarding the matter at issue in Claim (4). The Court of Appeals of North Carolina enforced a procedural bar by applying only a "plain error" standard of review. That court found that no plain error had been shown by Petitioner. The court noted that the issue of Petitioner's post-arrest silence arose partly as a result of defense counsel's cross-examination of Husketh and Greene, not questioning by the prosecutor. (Tr. Vol. II at 404-07.) Further, the court observed that the other separate and distinct evidence of Petitioner's guilt was so substantial that Petitioner could not meet the plain error standard under state law.

Petitioner's habeas claim fails for lack of a showing of prejudice. The claim is procedurally barred and Petitioner has not shown cause and prejudice. Moreover, any error regarding prosecutorial comment on Petitioner's post-arrest silence is harmless under the *Brecht* standard for the reasons cited by the Court of Appeals of North Carolina and

-8-

Case 1:06-cv-01009-WLO-PTS   Document 12   Filed 06/20/07   Page 8 of 9

described by this Court with regard to Claim (3). References to Petitioner's post-arrest silence were fleeting in this case, with the defense participating in the matter, and cannot be said to have had an actual and substantial effect upon the verdict in view of the weighty evidence against the Petitioner.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that the habeas corpus petition of Patrick Obiorah be denied and that this action be dismissed.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: June 20, 2007